<div align="right">Cooke
v.
Woodrow.</div>

---

## MANDEVILLE AND JAMESSON *v.* WILSON.

---

ERROR to the circuit court of the district of Columbia, sitting at Alexandria, in an action of *assumpsit* brought by the defendant in error *for goods sold and delivered,* and for the *hire of a slave.*

The defendants below pleaded *non assumpserunt,* and the *statute of limitations.*

To the latter plea the plaintiff replied, " that the said money in the several promises and undertakings aforesaid above mentioned in the declaration, at the time of the making of the promises and undertakings aforesaid, became due and payable on an account current of trade and merchandise had between the said plaintiff and the said defendants as merchants, and wholly concerned the trade of merchandise; to wit, at Alexandria aforesaid, in the county aforesaid, and this he is ready to verify."

To which the defendants rejoined, " that in the month of January, 1799, the partnership of Mandeville and Jamesson was dissolved, and public notice given of such dissolution, of which the said plaintiff had a knowledge at the time, and that at the time of the said dissolution of the partnership aforesaid, all accounts between the said plaintiff and the said Mandeville and Jamesson ceased, and since which time no accounts have existed, or been continued, between the plaintiff and the said defendants, which the said defendants are ready to verify."

The plaintiff surrejoined, " that the goods, wares

<div style="float:right">Amendments are within the discretion of the court below.

*Quære,* whether the court ought to permit amendments after judgment upon demurrer.

In the statute of limitations, the exception in favour of merchants' accounts, applies as well to actions of *assumpsit,* as to actions of *account.*

It extends to all accounts current which concern the trade of merchandise.

An account *closed,* by the cessation of dealings between the parties, is not an account *stated.*

It is not necessary that any of the items should have been charged within the five years, nor that the declaration</div>

MANDE-
VILLE
.v.
WILSON.

should aver
the money to
be due upon
an open ac-
count between
merchants.

andmerchandise in the said declaration mentioned, were by the said plaintiff sold and delivered to the said defendants, and the said negro in the said declaration mentioned was hired by the plaintiff to the defendants before the month of January, in the year 1799, the time when the said defendants in their said rejoinder state their said copartnership was dissolved, and this the plaintiff is ready to verify."

To this surrejoinder the defendants demurred, and assigned for cause of demurrer, that " the surrejoinder is a *departure* in this, that it is no answer to the defendants' rejoinder."

Upon joinder in demurrer, the court below gave judgment for the plaintiff.

A bill of exceptions stated, that on the day on which the cause was called for trial, the court permitted the plaintiff to withdraw his *general* replication to the plea of the statute of limitations, and to file the above *special* replication. And that after the court had given judgment upon the demurrer, it refused to permit the defendants to withdraw their demurrer, and their rejoinder, and to file a general rejoinder to the plaintiff's replication.

*Youngs*, for the plaintiffs in error.

1. The plaintiff below ought not to have been permitted to withdraw his general replication, and to reply specially.

LIVINGSTON, J. Is that a proper subject for a writ of error?

*Youngs.* There are other points; but I suppose it is good ground for a writ of error. It creates delay; and although amendments may be matter of discretion with the court, yet the court is bound to exercise its discretion soundly and legally; it is a discretion which this court will control.

2. The exception in the statute of limitations in favour of merchants' accounts, applies only to ac-

counts current, where there have been mutual deal-
ings, and where some of the items are more and
some less than five years' standing. In such cases
the last item shall draw all the rest out of the statute.
But if all dealings between the parties have ceased
for more than five years next before the com-
mencement of the suit, the whole account is barred.
An account which has ceased to *run* is an account
*closed;* An account closed is an account *stated ;* and
it is expressly decided that an account *stated* is not
excepted from the general operation of the statute.
Besides, the exception of the statute is only in fa-
vour of actions of *account*, and not actions of *as-
sumpsit.* 2 *Ves.* 400. *Welford* v. *Liddel.* 4 *Mod.*
105. *Chievly* v. *Bond.* 2 *Saund.* 124. *Webber* v.
*Tivill.**

The replication is repugnant to the declaration ;
for money due for the hire of a negro cannot be
" money due on *an account current of trade and mer-
chandise.*"

The *declaration* ought to have stated the money to
be due upon such an account.

3. The court below ought to have permitted the
defendant to withdraw his demurrer and his rejoin-
der, and rejoin generally to the replication.

*E. J. Lee*, contra, having cited 3 *Wooddeson*, 83.
85. as to the principal question, was stopped by the
court, as to the error alleged in the permission given
by the court below to the plaintiff to amend before
trial, and the refusal to allow the defendants after
judgment upon the demurrer to withdraw it and take
issue on the fact.

MARSHALL, Ch. J. observed that the permitting
amendments is a matter of discretion. He did not
mean to say that a court may in all cases permit or

* But see *Serjeant Williams's* note to that case in his edition of
Saunders's Reports. The statute of Virginia, so far as it relates to
the questions in this case, is precisely like the British statute of 21
Jac. c. 16. s. 3.

MANDE-
VILLE
v.
WILSON.

refuse amendments without control.    A case may occur where it would be error in a court, after having allowed one party to amend, to refuse to suffer the other party to amend also before trial.    But that is not this case. After the parties have gone to trial upon a set of pleadings, and the judgment has been pronounced, it may be doubted whether the court can permit the demurrer to be withdrawn.    It would not be right in all cases, after the party had taken issue upon the law, and it has been decided against him, to suffer him also to take issue upon the fact. If it be permitted, it is a matter of great indulgence.

There is no ground for the objection taken to the declaration in this case, that it ought to have averred that the money was due on an account concerning the trade of merchandise.

A declaration need not set forth the circumstances which take the case out of the statute of limitations.

*Youngs* cited 6 *T. R.* 691. *Holt v. Scholefield*, to show that when general damages are given, if there be one bad count in the declaration, the court will arrest the judgment.

MARSHALL, Ch. J.    But by the statute of jeofails in Virginia, under whose laws this case was tried, the judgment shall be rendered for the plaintiff, upon a general verdict, if there be one *good* count in the declaration.

On a subsequent day

MARSHALL, Ch. J. delivered the opinion of the court,

That the exception in the statute applied to actions of *assumpsit*, as well as to actions of account.    That it extended to all accounts current which concern the trade of merchandise between merchant and merchant.    That an account closed by the cessation of dealings between the parties is not an account

stated, and that it is not necessary that any of the items should come within the five years.   That the replication was good, and not repugnant to the declaration; and that the rejoinder was bad.

<p style="text-align:center">Judgment affirmed with costs.</p>